May it please the Court, my name is David Alegría and I represent La Piedad Corporation in the subpoena enforcement action where La Piedad was found in contempt and the statute of limitations was told. The first issue that we raise in appeal is the due process issue. The Department of Labor filed a motion seeking to find La Piedad in contempt. The basis for the motion due process is usually the kind of the last stop in one of these cases and I have I have to tell both counsel it seems to my my impression is this case turns on two issues that neither party has really argued much less found a case cited. First one is that does the Fair Labor Standards Act give the Department of Labor the authority to demand that an employer produce documents in the custody and control and subpoena for documents that are not in the possession custody and control of the subpoenaed party? Do you have cases on either issue? Yes Judge, we briefed that issue. We made it well start with the statutory authority. Well the Congress authorized the agency to investigate violations of minimum wage and overtime. So that those are the limits of the statutory authority. There's no question the invest this is within the investigate that the scope of a proper investigation. We're talking about coercive powers of the government and of the court. Well the substantive response that we provide in these cases the document doesn't exist. We don't have it. We can't provide something that we don't have and the government's position was you need to go and look for it and here's places where you can look. And the court said yes and I have the power to to order it and neither of you give me give me any cases saying that either proposition is or is not valid. What we're saying is that a member of a corporation. An owner. Correct. Is is shielded by the corporate bill and you can't reach you can't go after them in any way shape or form. They they are analogous to a third party in this case. The government can certainly go individually to them and say we want you to provide xyz. But they can't come. Can I go back to my question? Do you have any cases? I mean this subpoena power question and this question of statutory authority to order a party to go do something outside it's it's a realm of control. These are not these are not exactly strange and and and and wondrous issues. Well in in Norman v Young the the site is 422 f 2d 470. The court ruled that the moving party in this case the Department of Labor is charged with establishing possession custody of and control of what they are asking. Now in addition to that. Is that in your brief that case in your brief? Uh no judge. Okay send us a letter uh giving us that case. Go ahead. What court what what's it say? Circuit citation in Norman v Young 422 f period 2d 470 and the site is on pages 472 and 73. So can I ask a question? Just go back to this piercing the corporate veil theory. Uh the the question I've got at that point is that is a directive to identify your shareholders. How does that pierce the corporate veil? Because it's not imposing any liability at that point. All they're asking at that point is identify who the shareholders are. We did that judge. We provided that in the tax return. We we said these are the three owners. These are their percentage of ownership. Here are the tax returns. Here are all the records. Everything that the corporation had we gave them. It was a long list of they can clearly require you to identify the owners which we did. They can then go out and subpoena each individual. Correct. We're saying that might be the correct procedure or what most what most uh most employers willing wanting interested in what you can go get. And we did. But but no that now we're to the point where the Department of Labor says in our you must respond to our document subpoena with documents you don't have. Correct. And the court said yes and and I'm going to interpret that I'm going to interpret the subpoena as permitting me to order that. No citation of authority by the I but but you don't take up the obvious. Well. Question with authority and I I would think it wouldn't be too hard to find authorities about the at least the scope of subpoena powers. Well the the uh the Eighth Circuit has a case uh that I think addresses uh that issue. Because see Judge here's the other problem. Which case is that? If Donovan versus Shaw 668 F period 2D 989 the Eighth Circus address the substance of this case and the problem here is that. It's not in your brief either right? It's in the government's brief. Okay good. Go ahead. About piercing the veil. Well but it also stands he says for the well settled rule that a subpoena enforcement proceeding is not the proper form in which to litigate the question of coverage. And that's what they're trying to litigate here. No no no I I got that point. And that point you make that point in your reply brief and it's wrong. This this is not this is not the defense. Well but this case turns on the subpoena issues. But if the government is perfectly it's perfectly appropriate to subpoena documents as part of an investigation and the subpoena party cannot say oh but you have to prove your case first. Well yeah that's what Donovan said. Right but that's obvious. But our argument is why you said that we can never litigate coverage but they can because that's what they're doing here. They're litigating coverage. They say we got everything that we need to investigate this case. You can't you can't litigate you can't defeat a subpoena by saying well we're not covered. If it's an investigative subpoena that is a false argument. That's not what we're arguing. We we tried that. We said we said we don't come close to the five hundred dollar five hundred thousand dollar jurisdictional requirements. So we we don't there's no coverage. The court says well yeah we we don't care. You still have to comply. So we did. And so now the now the Department of Labor has been litigating this related enterprise issue for decades. So is there no authority on the on the ability to subpoena one enterprise thought to be maybe part of a broader enterprise and that subpoena is good enough to get production of documents by every possible other enterprise. We haven't found a single case that said that they can't go in a tangent like they did in this case and because they can go on a tangent. Well it's not a tangent. Well but they're putting the car before the horse. That's where that's where you lose. Okay. They can put the cart before the horses and investigate. That's what investigation does. But does the cart have these records? No. No. No. I mean can they ask the driver of the cart for the records? I'm sorry. Can they ask the driver of the cart for the records? The owner of the cart and the driver of the cart. Can they ask that person for the records? Sure. Okay. If the cart is in that is in the driver's control sure they can. And I think that that's why we raised it. Now if if there is another car hooked to that cart can they ask the driver about the other car? I think that that's where the due process argument comes in. Don't go there immediately because the second sentence of all documents showing the names of other businesses partly fully owned by the owners that's the cart driver. And the owner in this case is La Pirod. No. No. No. These are the owners of La Pirod. Well but that but that's the rephrasing of what the subpoena says. That's not what the subpoena said. That's what the subpoena says. I'm reading the subpoena sir. I mean to correct you. Number two says the owners of of showing held by any of the owners. In the briefs you folks talk by each other. There are two subpoenas. One to La Pirod and one to El Mezcal. Right. And so you know you keep referring to the one to El Mezcal. They keep referring the one to La Pirod. There are two. And you quoted opening your reply brief sir on page one. Yeah. The subpoena that you're talking about talks about the owners of La Pirod. Right. And what we're saying is La Pirod is the corporation that owns the restaurant. These three people which we gave you the name and all the information are just the members of the corporation and we have nothing to give you that satisfies that requirement. Well I bet the owners could say yes, no, maybe to that question. Right? Correct. Okay. Do we have a case that says we can ask the owners because they're because they're with all these cards? No. I haven't found any case that says that they can go there to say in essence we're going to investigate the owners or we're going to find out what it is that that you own or don't own. Did you find any case that said they couldn't do that? No. No. There isn't any case law in this area. If the owners are operating a series of restaurants that would fit within this broader enterprise doctrine under the FLSA, the labor department can investigate that. Yeah. They have plenty of power. Sure. There's no question about that. We're not disputing that. Well that's what they're doing. They got, but can they force, where's the power to force one wing of the enterprise to produce the documents of another wing? No question they can go get them. They can probably get the statute of limitations told while they do. Well, but the establishment. I'm worried about power. I'm worried about regulatory excessive or overly broad use of regulatory power that doesn't exist. Yeah. And that's worried about your concern about statute of limitations or whether you've got a coverage defense or not. Well, yeah. And we think that that's the real issue, whether they're overstepping their investigatory power by going after the owners in this way. Now, with respect to the statute of limitations, we have to do something to prevent them from filing the lawsuit. And we have done nothing. We gave them all the data that they need. Don't argue the statute of limitations. That's for another day. Okay. Well, the tolling of the statute of limitations is our third issue in the case. And we believe that it's an error to extend the statute of limitations in the case. We're not going to decide that. I can't speak for my colleagues, but I would never decide that on this appeal. Okay. I will reserve the balance of my time. May it please the court, my name is James Morlath and I represent the Secretary of Labor. You're going to have to speak up and speak more clearly. Excuse me. See if the stand goes down too on the right, you can stand down also and get it directly pointing at you. Is this better? Yes, I represent the Secretary of Labor. Here the district court properly exercised its discretion in finding the defendant in civil contempt for failing to comply with its order enforcing the department's subpoena and in tolling the statute of limitations and therefore its order should be issued. I consider this a question of authority of both the Department of Labor and the district court. Separate questions. With respect to your questions about the authority of the Department of Labor and the district court, my opposing counsel has cited to a case that was not in its brief and we would respectfully ask for an opportunity to respond to that citation. However, I think the first issue to establish is that the defendant's claim that no additional documents exist was not actually responsive to the question that was asked by the district court. This isn't a question, this is a document subpoena. If this was an interrogatory case, I wouldn't have any problem. A subpoena for documents means documents within your possession, custody, or control. Period, as far as I'm concerned, unless you've got authority to the district court's failure to address that issue. I understand that point and I agree that that was not the focus of the briefing. Do you have a case? Do you have anything to help? Something that I would point to that I think is helpful is to look at the language of the second subpoena. You're correct that there was a subpoena first to El Mezcal and then there was a second subpoena to El Mezcal. I'm looking at, well this was exhibit B to document 8 in the record before the district court. I've got exhibit C. What the subpoena says is it does exhibit C. It's exhibit C and the produced. What paragraphs are you relying on? I'm talking about a paragraph where it's A and then a subsection. No, that's not a B. A is the definition. Yes, and I think the definitions are important. They are, but tell me first of all, what paragraphs in the documents to be produced are we talking about? The documents to be produced is B2, which is all documents showing the names and addresses of all other businesses that are partially and or fully owned by the owners of La Piedad Corporation. I believe that the definition of document is relevant to your inquiry. Document is defined as any, all writings or electronic data that are within La Piedad's possession, custody, or control or within the custody or control of any agent, employee, representative, or other person acting or purporting to act on behalf of La Piedad Corporation. The word shareholder is not there. Or owner. Or owner. There's nothing in the record that tells me that the acting on behalf of language is triggered. You're correct that the word shareholder or owner isn't there, but the word agent is there, and the subpoena was served upon. Independent agents do a lot of things. Most of them not as agents. If an agent of, if an owner of this restaurant is independently running another restaurant, then its actions on behalf of the other restaurant are not as an agent of this restaurant. That's just fundamental common law. You have nothing here, in my view, that a plain reading of the subpoena, including the definitions, would encompass documents not in the possession, custody, and control of the subpoenaed party. And respectfully, Your Honor, I think you're correct that this was not a matter that was briefed, and we certainly would like an opportunity to produce some supplemental briefing about the cases that go to the question. I can't imagine it wasn't considered briefed to the district court. We do not want supplemental. You will find out if we want supplemental briefs, but I very much doubt it. Okay. The reason why this wasn't briefed or this wasn't raised is because the defendant never raised this argument before the district court. It's not explicit. Right. And he does have what you reply to in footnote 6. In footnote 6 of your brief, you get close, but you write at a high level of abstraction there. And it's simple. Were these owners necessary parties to enforcing the subpoena? In other words, if you'd had the owners listed here, too, once you find out the owners, you had them as But what's your authority to do that? Unfortunately, I don't have a direct answer to that question, and I would appreciate an opportunity to provide such a No, no. You see, I think it's a good question. The Labor Department could have come in with authority addressing this theory that they're investigating, which is the broader enterprise coverage question, and persuaded the district court that this is a basis to read the subpoena more broadly than it's worded. But the department, having failed to do that, my instinct is, all right, what controls is the plain language properly construed in subpoena law, which is it has to be very clear before you're guilty of a subpoena has to be clear before you can be guilty of contempt. I think this is a pretty easy appeal, frankly. I was just going to ask a question. Part of what happens is because these are closely held corporations, there's only three owners, and we identify the owners, and we want to ignore the status of shareholders. But if you think more broadly on a publicly traded corporation, no one would ever ask the shareholders what other interests they might have in other restaurants, right? And so if you're going to go beyond that to establish the existence of an enterprise, you really have to have some basis for identifying who you're seeking information from and why. And it just strikes me that in this case, you kept saying owners, they kept saying, there are no owners, we have shareholders, and it seemed all quite cute and clever, and the district judge got frustrated and entered up an order, but nobody ever looked at the obvious question is that if you knew the names of who those owners were, why didn't you subpoena those people directly? And I think the answer to that question is that the defendant never said, we don't have possession of these documents in our control, you need to go after the owners. What the defendant kept saying is they did say that. But what they said is that these documents don't exist. And when they said this, we don't have them. We've given you all the documents we have. Which apparently was an honest answer. Well, they made that statement. They always, particularly if you look at their motion in opposition to the contempt order, they always pair that statement with their other statement that La Piedad is the sole owner of El Mezcal, and then they say, and no additional responsive documents exist. I think that the implication is that no additional responsive documents exist because we already provided you with all of the responsive documents. They never told us that, no, we don't actually have the documents that you're seeking with respect to any of the shareholders. They either said that or in an email to the department. So they had to say in the response, you, meaning the Department of Labor, the Secretary of Labor, do not have the authority to compel us to produce documents that are only within the possession, custody, and control of our independent shareholders. If they had provided that answer, then this case would have looked very different. Then they wouldn't be under contempt. What would have happened? Well, I think in that situation, we would have responded with authority establishing that it was within our authority to ask for this information, or we would have, you know, barring that. I doubt, frankly, that you have that authority. I think if you had it, you would have provided it on appeal. I don't think the Department of Labor has the kind of authority to order a private enterprise to go out and produce documents that are only in the custody or control. And I agree that our briefs didn't specifically address that. However, I would, you know, emphasize that our investigative authority is quite broad and that if given the opportunity, I could, you know, produce authority showing that documents that are in the effective custody or control. So you'd rather we remand than reverse? I would think about that. I would rather provide authority at this point to answer your specific question as to whether this subpoena was beyond the scope of the department's authority. That answers your question. Well, even though that's a pure question of law and we have the practice to allow those questions of law to be passed on first by district courts. I would agree that that is customary practice. And I agree that that is customary practice. And what is the status of the statute of limitations question right now? So the judge has... We're going to decide it just in terms of the practical impact of this appeal. So I would argue that the statute of limitations issue is separate from the contempt order. And so if the judge, if the court, excuse me... What I mean is if the statute is run or is running or is told or wasn't, has there been a tolling decision? No, I guess there hasn't been a... Yes, so the district court did toll the statute of limitations and it's tolling as of the date of the department's initial, excuse me, the second subpoena to La Piedade Corporation in June of 2016. And it's indefinitely tolled until the date they fully respond, right? That's correct. And that was a proper exercise of the court's discretion because even regardless of the points that you're raising today, the defendant did not directly ever respond to any of our questions and it should not be permitted to run out the clock on the statute of limitations. If the contempt order is reversed, the tolling question is wide open again. If the tolling has been linked to bringing yourself no longer in contempt, what's the effect of reversing the contempt order? I suppose since the tolling order is linked to the defendant... Well, the tolling order is linked to the defendant coming into compliance with the order enforcing the subpoena. And so we think that there's, even if the court were to vacate the contempt order, that there isn't any reason to vacate the court's decision to toll the statute of limitations. And that would be most consistent with equity and fairness in this case. Thank you for your time. If you have no further questions and I'll sit down. Thank you. On the actual issue that we're discussing, Judge, we said two things. Number one, we have no documents whatsoever that are responsive to this request. Now, if you're asking directly as to the shareholders, here's what we said. Requiring shareholders to disclose other business ventures is not part of the authority of the FSLA. That's on page 20 of our brief. So we did raise that... In this court? Page 20 of this court? Yes. And the argument is that the Department of Labor is overstepping their authority and they're investigating without... And they put it in footnote six to their credit. But you don't cite any authority, right? Well, the closest that we came is the Andy Cutt Johnson versus Perkins case. It's a U.S. Supreme Court case. And the argument there is about the fact that the Department of Labor is given no power to investigate just the coverage. You just mentioned the case that's not on page 20 of your brief. Yeah. And it's not in your brief at all, right? Either one? No, no, no. I wasn't referring to page 20. I said the closest that I came to answering the question that you raised here today is the Andy Cutt Johnson... But it's not in your brief, right? No. And the court says we're not giving the Department of Labor authority to investigate the coverage issue. For example, if there's no underpayment found, then the issue of coverage is academic, they said. So you don't get to that point. So there are several layers that were skipped here in the analysis to get to a point where a shareholder would have to open their records to the government. Because of all those reasons, we request that the decision of the district court be reversed on the contempt and on the statute of limitations, because we have done nothing to prevent the government from filing the case about the alleged violation, if there is any. Thank you. Your statement on page 20, Corporate shareholders are not party to this action. That's true. To go on and requiring shareholders to disclose other business ventures is not part of the authority of the FLSA. That, I would submit, is not true. And it's not part of the subpoena either. I mean, so that's the second part. That was the most important point in this case. There were no subpoena and shareholders. And so it's the equivalent of a third party. They send a subpoena to the corporation and they're asking them to go out to third parties to seek. Subpoena that has, that is, is the substance of a third party subpoena and it's not addressed to the third party. That's the problem. That's the problem. Yep. Exactly. Thank you. Thank you, counsel. Interesting, unusual case, and we will take it under advisement.